# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

WILLIAM JOSEPH GRAHAM, *et al.*,

               Plaintiffs,

v.

LEXISNEXIS RISK & INFORMATION
ANALYTICS GROUP INC., *et al.*,

               Defendants.

Civil Action No.:  3:09CV655 (RLW)

## CORRECTED AND AMENDED ANSWER OF DEFENDANT REED ELSEVIER INC. TO FIRST AMENDED CLASS ACTION COMPLAINT

       Defendant Reed Elsevier Inc. ("Reed") amends its Answer to the First Amended Class

Action Complaint ("Amended Complaint") of Plaintiffs William Joseph Graham and Crystal

Myrick (collectively, "Plaintiffs") as follows:

## INTRODUCTION

       1.     In response to paragraph 1 of the Amended Complaint, Reed specifically denies

that it operates as a "single business" with defendants LexisNexis Risk & Information Analytics

Group Inc. now known as LexisNexis Risk Solutions FL Inc. ("RSF") and erroneously sued as

"LexisNexis Risk & Information Analytics Management Group, Inc." and/or "LexisNexis Risk

and Analytic Group, Inc." and Seisint, Inc., a corporation now know as LexisNexis Risk Data

Management Inc., ("RDMI").  Reed also specifically denies that it prepared or sold "Accurint"

reports regarding Plaintiffs or any other individual.  Reed states that to the extent the allegations

in paragraph 1 relate to Reed, it admits that Plaintiffs purport to bring this action as a class action

for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").  To

the extent the allegations relate to a defendant other than Reed, Reed states that it is without

sufficient knowledge or information to form a belief as to the truth of the allegations, and denies

the allegations on that basis.  Except as expressly admitted, Reed denies the allegations in paragraph 1.

2.      In response to paragraph 2 of the Amended Complaint, Reed states that to the extent those allegations relate to Reed, it admits that Plaintiffs purport to allege individual claims for alleged violations of the FCRA.  To the extent the allegations relate to a defendant other than Reed, Reed states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations, and denies the allegations on that basis.  Except as expressly admitted, Reed denies the allegations in paragraph 2.

### JURISDICTION AND VENUE

3.      Reed admits the allegations in paragraph 3.

4.      To the extent paragraph 4 purports to allege a legal conclusion, no response to the allegations is necessary.  To the extent a response is required, Reed denies the allegations of paragraph 4.

### PARTIES

5.      In response to paragraph 5 of the Amended Complaint, Reed states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff William Joseph Graham's residence, and denies those allegations on that basis.  To the extent paragraph 5 purports to allege legal conclusions, no response to those allegations is necessary.

6.      In response to paragraph 6 of the Amended Complaint, Reed states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations as to Plaintiff Crystal Myrick's residence, and denies those allegations on that basis.  To the extent paragraph 6 purports to allege legal conclusions, no response to those allegations is necessary.

7.      Reed admits that it is a Massachusetts corporation.  Reed admits that it is a holding company.  Except as expressly admitted, Reed denies the allegations in paragraph 7.

8.      Reed denies the allegations in paragraph 8.

2

sf-2809768

9.      Reed admits that RSF is a Minnesota corporation.  Except as expressly admitted, Reed denies the allegations in paragraph 9.

10.     To the extent paragraph 10 purports to allege a legal conclusion, no response to the allegations is necessary.  To the extent a response is required, Reed denies the allegations in paragraph 10.

11.     Reed admits that it purchased the common stock of Seisint, Inc. in September 2004.  Except as expressly admitted, Reed denies the allegations in paragraph 11.

12.     Reed denies the allegations in paragraph 12.

13.     Reed denies the allegations in paragraph 13.

14.     In response to paragraph 14, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

15.     In response to paragraph 15, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

## FACTS

16.     In response to paragraph 16, Reed admits that RDMI is a Florida corporation. Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  Except as expressly admitted, Reed denies the allegations in paragraph 16.

17.     In response to paragraph 17, Reed admits that it purchased the common stock of Seisint, Inc. in September 2004.  Reed further admits that after 2004, RSF offered a product known as "Express Screening," which had previously been known known as "Securint."  Reed also admits that after 2004, RDMI offered a product known as "Accurint."  Except as expressly admitted, Reed denies the allegations in paragraph 17.

18.     To the extent paragraph 18 purports to allege legal conclusions, no response to those allegations is necessary.  Except as expressly admitted, Reed denies the allegations in paragraph 18.

19.     In response to paragraph 19 of the Amended Complaint, Reed denies the truth of the allegations as to Reed.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegation as to others, and denies the allegations on that basis.

20.     In response to paragraph 20 of the Amended Complaint, Reed denies the truth of the allegations as to Reed.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

21.     In response to paragraph 21 of the Amended Complaint, Reed specifically denies that it prepares or sells "Accurint" reports.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

22.     In response to paragraph 22, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

23.     In response to paragraph 23, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

24.     In response to paragraph 24 of the Amended Complaint, Reed specifically denies that it prepares or sells "Accurint" reports.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

25.     In response to paragraph 25, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

sf-2809768

26.     In response to paragraph 26, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

27.     In response to paragraph 27, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

28.     In response to paragraph 28, Reed lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and denies the allegations on that basis.

29.     In response to paragraph 29, Reed specifically denies that it prepared or sold an "Accurint" report regarding Plaintiff William Joseph Graham or any other individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

30.     In response to paragraph 30, Reed states that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

31.     In response to paragraph 31, Reed states that it lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and denies the allegations on that basis.

32.     In response to paragraph 32, Reed states that it lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and denies the allegations on that basis.

33.     In response to paragraph 33, Reed states that it lacks sufficient knowledge or information to form a belief as to the truth of those allegations, and denies the allegations on that basis.

34.     In response to paragraph 34 of the Amended Complaint, Reed specifically denies that it prepared or sold an "Accurint" report regarding Plaintiff Crystal Myrick or any other

sf-2809768

individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

**COUNT ONE:  THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(a)**
**CLASS CLAIM AGAINST LEXISNEXIS (CLASS ONE)**

35.     In response to paragraph 35 of the Amended Complaint, Reed realleges and incorporates by reference each and every preceding paragraph of this Amended Answer as if fully set forth the herein.

36.     In response to paragraph 36 of the Amended Complaint, Reed specifically denies that it prepared or sold an "Accurint" report regarding Plaintiffs or any other individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

37.     In response to paragraph 37 of the Amended Complaint, including each of its subparagraphs, Reed specifically denies that it prepares or sells "consumer reports," as that term is defined by the FCRA.  Reed also states that 15 U.S.C. § 1681b(a)(3) speaks for itself and, to the extent paragraph 37 purports to allege legal conclusions, no response to those allegations is necessary.

38.     In response to paragraph 38 of the Amended Complaint, Reed specifically denies that it prepared or sold an "Accurint" report regarding Plaintiffs or any other individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

39.     In response to paragraph 39 of the Amended Complaint, including each of its subparagraphs, Reed admits that Plaintiffs purport to bring this claim on behalf of a class.  Reed further admits that Plaintiffs purport to define a class as stated in paragraph 39.  Except as expressly admitted, Reed denies the allegations in paragraph 39, including the allegations set forth in each subparagraph.

40.     Reed denies the allegations in paragraph 40.

41.     Reed denies the allegations in paragraph 41.

## COUNT TWO: THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681e(a)
## CLASS CLAIM AGAINST LEXISNEXIS (CLASS TWO)

42.     In response to paragraph 42 of the Amended Complaint, Reed realleges and incorporates by reference each and every preceding paragraph of this Amended Answer as if fully set forth herein.

43.     In response to paragraph 43 of the Amended Complaint, Reed specifically denies that it prepares or sells "Accurint" reports regarding any individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

44.     In response to paragraph 44 of the Amended Complaint, Reed specifically denies that it prepares or sells "Accurint" reports regarding any individual.  Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.  Reed states that 15 U.S.C. § 1681e(a) speaks for itself and, to the extent paragraph 44 purports to allege legal conclusions, no response to those allegations is necessary.

45.     In response to paragraph 45 of the Amended Complaint, Reed specifically denies that it prepares or sells "Accurint" reports regarding any individual. Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

46.     In response to paragraph 46 of the Amended Complaint, including each of its subparagraphs, Reed admits that Plaintiffs purport to bring this claim on behalf of a class. Reed further admits that Plaintiffs purport to define a class as stated in paragraph 46. Except as expressly admitted, Reed denies the allegations in paragraph 46, including the allegations set forth in each subparagraph.

47.     Reed denies the allegations in paragraph 47.

48.     Reed denies the allegations in paragraph 48.

sf-2809768

## COUNT THREE:  THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(f)
## CLASS CLAIM AGAINST PASI (CLASS THREE)

49.     In response to paragraph 49 of the Amended Complaint, Reed realleges and incorporates by reference each and every preceding paragraph of this Amended Answer as if fully set forth herein.

50.     In response to paragraph 50 of the Amended Complaint, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

51.     In response to paragraph 51 of the Amended Complaint, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

52.     In response to paragraph 52 of the Amended Complaint, including each of its subparagraphs, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

53.     In response to paragraph 53 of the Amended Complaint, Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

54.     Reed denies the allegations in paragraph 54.

## COUNT FOUR:  THE FAIR CREDIT REPORTING ACT. 15 U.S.C. § 1681e(b)
## INDIVIDUAL CLAIM AGAINST LEXISNEXIS

55.     In response to paragraph 55 of the Amended Complaint, Reed realleges and incorporates by reference each and every preceding paragraph of this Amended Answer as if fully set forth herein.

56.     In response to paragraph 56 of the Amended Complaint, Reed specifically denies that it prepared or sold an "Accurint" report regarding Plaintiffs. Reed lacks sufficient knowledge or information to form a belief as to the truth of the allegations as to others, and denies the allegations on that basis.

sf-2809768

57.    Reed denies the allegations in paragraph 57.

58.    Reed denies the allegations in paragraph 58.

59.    Reed denies the allegations in paragraph 59.

60.    Reed denies any allegations contained in the Amended Complaint that is not expressly admitted by Reed.

61.    Reed denies that it is liable to Plaintiffs for any of the requests for relief set forth in the WHEREFORE clause of the Amended Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the Amended Complaint and without admitting or acknowledging that Reed bears any burden of proof as to any of them, Reed asserts the following additional defenses.  Reed intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to further amend this Amended Answer in order to assert all such further defenses.

## FIRST ADDITIONAL DEFENSE

Plaintiffs lack standing, as they explicitly allege that their claims relate to communications about others and not about themselves.

## SECOND ADDITIONAL DEFENSE

Those Plaintiffs and members of the putative class that have previously brought suit on events arising out of or in connection with the provision of an Accurint report cannot recover against Reed to the extent that such prior litigation resulted in estoppel or res judicata as to and/or release of the claims asserted in the Amended Complaint.

WHEREFORE, Reed requests that the Court:

    (a)    dismiss Plaintiffs' Amended Complaint with prejudice;

    (b)    enter judgment in favor of Reed;

    (c)    deny Class Certification;

(d)      award Reed its attorney's fees and costs of suit incurred in defense of the

Amended Complaint; and

(e)      award Reed such other relief the Court deems appropriate.

Dated:  March 22, 2010                          TROUTMAN SANDERS LLP


                                                By: s/ _____
                                                      David N. Anthony

                                                David N. Anthony (Bar No. 31696)
                                                TROUTMAN SANDERS LLP
                                                1001 Haxall Point
                                                Richmond, Virginia  23219
                                                Telephone:  804.697.5410
                                                Facsimile:  804.698.5118

                                                Jeffrey T. Cox (*Pro Hac Vice*)
                                                Ronald I. Raether, Jr. (*Pro Hac Vice*)
                                                FARUKI IRELAND & COX P.L.L.
                                                500 Courthouse Plaza, S.W.
                                                10 North Ludlow Street
                                                Dayton, Ohio  45402
                                                Telephone:  937.227.3733
                                                Facsimile:  937.227.3717

                                                James F. McCabe (*Pro Hac Vice*)
                                                James R. McGuire (*Pro Hac Vice*)
                                                MORRISON & FOERSTER LLP
                                                425 Market Street
                                                San Francisco, California  94105
                                                Telephone:  415.268.7000
                                                Facsimile:  415.268.7522

                                                Attorneys for Defendants

sf-2809768